FILED

November 9, 2016

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 8:28 AM



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **MARY FRANCES VESTER,** | ) | **Docket No. 2016-06-1427** |
| **Employee,** | ) | |
| **v.** | ) | **State File No. 51488-2016** |
| **HOME HEALTH CARE OF MIDDLE** | ) | |
| **TENNESSEE, LLC,** | ) | **Judge Joshua Davis Baker** |
| **Employer,** | ) | |
| **and** | ) | |
| **UNITED HEARTLAND,** | ) | |
| **Insurer.** | ) | |

## EXPEDITED HEARING ORDER DENYING TEMPORARY DISABILITY AND MEDICAL BENEFITS

This matter came before the Court on November 1, 2016, on the Request for Expedited Hearing filed by Mary Frances Vester pursuant to Tennessee Code Annotated section 50-6-239 (2015). The present focus of this case is Ms. Vester's entitlement to temporary disability and medical benefits. The central legal issue is her likelihood of success in proving the compensability of her injury at a trial on the merits. Home Health Care of Middle Tennessee, LLC denied the claim because its records showed Ms. Vester was not working on the date of the accident. Based on the proof presented at this time, the Court finds Ms. Vester was not working for Home Health Care on the date of the accident and holds she is unlikely to prevail at a hearing on the merits in proving the compensability of her injury. Accordingly, the Court denies her request for temporary disability and medical benefits.[1]

### History of Claim

This case concerns an injury that Ms. Vester, a registered nurse, allegedly suffered while providing home-based nursing services for Home Health Care. According to her Petition for Benefit Determination (PBD), Ms. Vester suffered an injury on June 21, 2016, at the home of Anastasia Murray, located in Hartsville, Tennessee. She claimed to have injured her cervical spine while carrying a forty-five-pound toddler, who suffered from spina bifida, back and forth to the restroom over the course of two days. (T.R. 1.) In an affidavit, Ms. Vester stated the accident occurred sometime during the week of June 20, but did not provide a specific date.

At the hearing, the proof focused primarily on when the accident occurred. Ms.

---

[1] A complete listing of the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an appendix.

Vester repeatedly testified she injured herself on either June 20 or 21, a Monday or a Tuesday. She further testified she reported the injury to Home Health Care on the day it occurred, but Home Health Care refused to provide her a panel of physicians.

Concerning these issues, Home Health Care presented the testimony of its human resources manager, Kelly Thiede. First, Ms. Thiede testified that Ms. Vester had not worked for Home Health Care on either June 20 or 21. According to a productivity report from Home Health Care, Ms. Vester worked on June 15 and was then off work for several weeks before returning on June 30 and July 1. (Ex. 7.) Ms. Vester testified she was off from work because of her injury and returned as soon as she felt able. She also maintained she was at work on June 20 and 21 and was paid for her time.

Ms. Thiede further testified she did not know Ms. Vester allegedly suffered injury at work until she met with her on July 7. Ms. Thiede stated she provided Ms. Vester a panel of physicians at the meeting, but Ms. Vester refused to select a physician. According to Ms. Thiede, instead of selecting a physician, Ms. Vester told her she would treat with whomever she chose and "sue the company later to pay her debts." A notation from Ms. Vester on the Choice of Physician Form confirmed her desire not to receive treatment under workers' compensation. (Ex. 6.) Despite her testimony and the assertion in her PBD that she did not receive a panel, Ms. Vester admitted she made the notation on the panel form, but claimed she did so while under the influence of medication.

Ms. Vester testified she had difficulty remembering the exact dates of events. She blamed her lack of memory on medication she took for fibromyalgia and her difficult working environment. Ms. Vester explained her work was difficult because she had to travel long distances, from Bellevue to Hartsville, to work at the Murray home. She additionally stated it was difficult to care for the child because of Ms. Murray's demand for additional services, such as cleaning the dishes and bathrooms. Despite her self-proclaimed memory lapses, Ms. Vester vehemently maintained she suffered the injury on June 20 or 21.

As for reporting the injury, Ms. Vester testified she reported it on the day it occurred. She explained she could not call her office from the Murray home because she had no cell service, so she called the "on-call service" when she arrived home and said she was hurt. Ms. Vester's husband, Samuel Vester, corroborated her testimony so far as confirming she called in to report the injury. Mr. Vester, however, also testified he could not remember the exact date she made the call, but believed it was on a Monday or a Tuesday.

Ms. Vester argued she suffered an injury at work, and Home Health Care should be required to pay for her medical care, and pay her temporary disability benefits. Home Health Care argued Ms. Vester failed to carry her burden of proving she suffered an injury in the course and scope of her employment and asked that the Court deny her request for temporary disability and medical benefits.

2

## Findings of Fact and Conclusions of Law

In determining whether to grant Ms. Vester relief, the Court must apply the following legal principles. Ms. Vester bears the burden of proof on all prima facie elements of her workers' compensation claim. Tenn. Code Ann. § 50-6-239(c)(6) (2015); *see also Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *5 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). She need not prove every element of her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7- 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, Ms. Vester has the burden to come forward with sufficient evidence from which this Court can determine she is likely to prevail at a hearing on the merits. *Id.*

The central dispute concerns whether Ms. Vester's injurious event occurred in the course and scope of her employment for Home Health Care. "An injury occurs in the course of employment if 'it takes place within the period of the employment, at a place where the employee reasonably may be, and while the employee is fulfilling work duties or engaged in doing something incidental thereto.'" *Hubble v. Dyer Nursing Home*, 188 S.W.3d 525, 534 (Tenn. 2006) (citing *Blankenship v. Am. Ordnance Sys., LLC*, 164 S.W.3d 350, 354 (Tenn. 2005)).

The Court finds Ms. Vester failed to carry her burden of proving she suffered an injury in the course and scope of her employment with Home Health Care. Although she testified the injury occurred on either June 20 or 21, and her testimony was somewhat corroborated by Mr. Vester, she admitted having difficulty remembering dates. Additionally, the weight of the remaining evidence, particularly Ms. Thiede's testimony and the productivity report, cast serious doubt on Ms. Vester's credibility. Furthermore, Ms. Vester stated in her affidavit and in-court testimony that she did not receive a panel of physicians when she asked for one. This assertion proved untrue and casts further doubt on her credibility.

The Court, therefore, finds Ms. Vester was not at work for Home Health Care on the date her injury allegedly occurred. Because she was not working for Home Health Care at that time, her injury could not have occurred in the course and scope of her employment. Accordingly, the Court holds that Ms. Vester is unlikely to prevail at a hearing on the merits in proving she suffered a compensable workplace injury. For this reason, the Court must deny her request for temporary disability and medical benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Vester's claim for temporary disability and medical benefits is denied at this time.

2. This matter is set for an Initial (Scheduling) Hearing on January 9, 2017, at 11:00 a.m. (CDT).

3

**ENTERED THIS THE 9TH DAY OF NOVEMBER, 2016.**

_____
**Judge Joshua Davis Baker**
**Court of Workers' Compensation Claims**

Initial Hearing:

An Initial (Scheduling) Hearing has been sent for **January 9, 2017, at 11:00 a.m. (CST)** with **Judge Joshua Davis Baker, Court of Workers' Compensation Claims. You must call 615-741-2113 or toll free at 855-874-0474 to participate in the Initial Hearing.**

**Please Note:   You must call in on the scheduled date/time to  participate.  Failure to call in may result in a determination of the issues without your further participation.  All conferences are set using Central Time (CT).**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board.  To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk within seven business days of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a filing fee in the amount of $75.000.  Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment.  Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service.  In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee.  The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter.  The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

4

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

<u>Exhibits</u>:

1. Medical records: TriStar Skyline Medical Center; Dr. Augustin Vitualla at Lakeview Wellness Clinic; Vanderbilt Sports Medicine; and, Dr. David L. Harrom
2. Ms. Vester's affidavit
3. Samuel Vester's affidavit
4. Employer's incident report form
5. Wage Statement
6. Physician panel
7. Productivity report

<u>Technical record</u>:[2]

1. Petition for Benefit Determination, filed August 1, 2016
2. Dispute Certification Notice, filed September 28, 2016
3. Request for Expedited Hearing, filed October 12, 2016
4. Employer's Motion to allow Rhonda Thornton to testify via telephone at Expedited Hearing, filed October 14, 2016
5. Court's Order granting request for Rhonda Thornton to testify by telephone[3]

---

[2] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

[3] Home Health Care did not call Ms. Thornton as a witness.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to the following recipients by the following methods of service on this the 9th day of November, 2016.

| Name | Certified Mail | Via Fax | Via Email | Email Address |
|------|----------------|---------|-----------|---------------|
| Mary Frances Vester | X | | X | 1205 Plymouth Avenue<br>Nashville, Tennessee 37216<br>astrofran@aol.com |
| Gordon Aulgur | | | X | gordon.aulgur@accidentfund.com |

_____
Penny Shrum, Court Clerk
Wc.courtclerk@tn.gov

7